**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL BURRUEL, III, | No. 23-15065 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00116-ADA-EPG |
| v. | |
| ROB BONTA, California Attorney General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Manuel Burruel, III, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising

from his civil commitment.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We affirm.

The district court properly dismissed Burruel's constitutional claims as *Heck*-barred because success on his claims would necessarily imply the invalidity of his civil commitment, and Burruel has not demonstrated that his commitment has been invalidated. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140-41 (9th Cir. 2005) (holding that a plaintiff's claims are *Heck*-barred where the success of his § 1983 claim "would necessarily imply the invalidity of his civil commitment"); *see also Heck*, 512 U.S. at 486-87 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). Contrary to Burruel's contention, the district court did not err by construing this case as a § 1983 action.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

23-15065